**PUETT v. STRINGER. (No. 9331.)***

(Court of Civil Appeals of Texas. Dallas.
Feb. 21, 1925. Rehearing Denied
March 21, 1925.)

1. Injunction ⟨key⟩235—Plaintiff held entitled to judgment on injunction bond.

Plaintiff, an innocent purchaser of note secured by deed of trust, and who but for issuance of temporary injunction, restraining sale, would have secured payment of her debt, and by reason of injunction her security was subsequently destroyed and her debt lost, *held* entitled to judgment on injunction bond.

2. Appeal and error ⟨key⟩907(1)—Findings not excepted to assumed to be supported by evidence.

Findings which are not excepted to will be assumed by appellate court to be supported by evidence.

Appeal from District Court, Dallas County; Royall R. Watkins, Judge.

Injunction suit by C. M. Stringer against Mrs. C. J. Puett, in which defendant by cross-bill sought foreclosure of trust deeds and judgment on the injunction bond. From a decree for defendant, which denied judgment on the bond, she appeals. Reversed and rendered.

Harper & Lewis, of Dallas, for appellant.
Burgess, Owsley, Story & Stewart, of Dallas, for appellee.

JONES, C. J. In a judgment rendered in the district court of Dallas county on March 13, 1924, appellant was allowed a recovery in the sum of $301.40 as principal, interest, and attorney's fees on a note for the principal sum of $250, against appellee, but was denied the recovery against appellee, as principal, and W. T. Sargent and Geo. T. Burgess, as sureties, on a temporary injunction bond. Appellant duly excepted to the refusal of the court to give her judgment on the injunction bond, and has duly perfected her appeal to this court. The facts over which the litigation between the parties arose are as follows:

M. Puett and wife, on January 2, 1923, conveyed by warranty deed to appellee a certain lot located in an addition to the city of Dallas in consideration of the payment to appellant of $1,350 in cash, and the assumption by appellee of the payment of three certain notes aggregating the sum of $2,250, and the further assumption of the amount due on a $750 note, which was stated to be $650, executed by Puett and wife to the order of Leon Fechenbach; also the execution by appellee of a vendor's lien note for $250 payable to the order of appellant. The three first above-mentioned notes were made a first lien on the lot conveyed

to appellee, the second above-mentioned note was made a second lien on said lot, and the said $250 note was made a third lien on same, and all of said notes were further secured by deeds of trust on said lot. The three notes, aggregating the said sum of $2,250, were dated June 7, 1922, the $750 note was dated July 24, 1922, and was payable in monthly installments of $20 each; and the said $250 note was dated January 2, 1923, and was due six months after date.

The lot purchased by appellee had a 50-foot frontage, and the said Puett sold to one Murphy a lot with the same frontage adjoining appellee's lot. Puett built the house that was on appellee's lot at the time of his purchase, and had placed same about 3 feet over on Murphy's lot, and the fence inclosing said lot extended about 7 feet on Murphy's lot. After making discovery of this fact, appellee refused to pay appellant's note when it matured. Whereupon appellant caused a substitute trustee, named by authority of her deed of trust, to post notices and advertise the sale of the property under the power given in said deed of trust. The notices contemplated the sale of the property on the first Tuesday in September, 1923. On August 29, 1923, appellee, by petition filed in the district court of Dallas county, secured the issuance of a temporary injunction prohibiting appellant and the trustee from carrying out the sale in conformity to the posted notices. This petition for injunction was sufficient on its face to entitle appellee to the injunctive relief, and, among other things, charged that appellant knew of the said defect in appellee's title to the land at the time she purchased said note.

By reason of the issuance of the temporary injunction the property was not sold, and later appellant filed her answer to the injunction suit, praying for its dissolution, and a cross-bill against appellant, praying for judgment for her debt as represented by her note, for foreclosure of her deed of trust lien, and for judgment on the injunction bond. By appropriate allegations in her cross-bill appellant showed that she was an innocent purchaser of the note, and that but for the issuance of the injunction she would have secured payment of her debt on the sale of the property if it had been sold at the time it was advertised for sale, and that by reason of the injunction prohibiting such sale, and by the further reason that appellee, soon after he secured the injunction, defaulted in his monthly payments on the said $750 note, and also defaulted in the payment of the semiannual interest on the notes that were a first lien against the property; that because of such default the owner of the said $750 note caused said property to be duly sold on the

first Tuesday in March, 1924, under a provision in his deed of trust, and thereby destroyed appellant's lien; that at the time of the sale she was unable financially to protect herself; that appellee was insolvent; and that by reason of the injunction issued she suffered damages in the amount of her debt.

There is no statement of facts, but the case is before us on a very full finding of fact made by the trial court. That portion of same which is necessary to a disposition of this case is as follows:

"I find the plaintiff herein, Mrs. C. J. Puett, is the owner of the $250 note described in her answer, and that she bought the same before maturity for a valuable consideration, and is now the owner of the same.

"I find that she paid the sum of $200 for said note; $60 being paid by check dated January 6, 1923, and $140 being paid by check January 16, 1923.

"I find that she was an innocent purchaser of said note, and did not know of any difficulty, offset, or claim in the same in any manner, or any defect of the title, if any.

"I find that the plaintiff in this case, C. M. Springer, has no property and is insolvent.

"I find that upon the 3d day of August, 1923, that the defendant, C. J. Puett, was in financial condition, and was also able and would have protected her note had 'the place sold on the 3d day of September, 1923 (and said property would have sold for enough to pay the defendant's note and attorney's fees over the other debts).

"I find that on the 3d day of March, 1924, that the defendant C. J. Puett was financially unable to protect herself when the property herein mentioned was sold by deed of trust given to secure the second lien note."

From these findings of fact the court concluded, as a matter of law, that appellant could not recover on the injunction bond. The appeal challenges the correctness of this holding.

[1, 2] The above findings establish the fact that the injunction against the sale of the property by Mrs. Puett was wrongfully sued out, and that, being an innocent purchaser of the note for value, she was entitled to avail herself of the remedy of a sale of the property by the trustee at the time she attempted to do so, and that appellee did not have the right to stop said sale by injunction. The findings of fact also establish that, by reason of the issuance of this injunction, her security was subsequently destroyed and her debt lost. The damages she suffered by reason of this wrongful suing out of the injunction were such that were clearly in contemplation of the parties at the time the bond was executed, and we think the court drew an erroneous conclusion from the facts found. As these findings are not excepted to, we must assume that they were supported by the evidence.

Believing it to have been the duty of the court to have entered judgment on these findings for appellant against appellee and the two said sureties on the injunction bond in the sum of $250, the amount of the bond, and that this was the only judgment that could have been rendered under such findings, it follows that this case should be reversed and here rendered in favor of appellant, awarding her the additional relief of a judgment in the sum of $250 against appellee, as principal, and W. T. Sargent and Geo. T. Burgess, as sureties, on said injunction bond.

Reversed and rendered.